SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
SLOBODANKA KOSTIC,

       Plaintiff(s),

 -against-

WALMART, INC.,

       Defendants.
-----------------------------------------------------------------X

Index No.:

## SUMMONS

Plaintiff designates
Queens County as the
place of trial

The basis of this venue is
plaintiff's residence.

TO THE ABOVE NAMED DEFENDANT:

 YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys(s) within twenty (20) days after the service of this summons, exclusive of the date of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   June 16, 2021

           Yours etc.,
           LEVIDOW, LEVIDOW & OBERMAN, P.C.

           By: _____
           STEVEN SCHWARTZ
           Attorneys For Plaintiff(s)
           299 Broadway-Suite 1800
           New York, New York 10007
           (212) 964-3290

**Defendant(s) Address**:

1)  WALMART, INC. - Via Secretary of State.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X   Index No.:
SLOBODANKA KOSTIC,

                Plaintiff,

        -against-

WALMART, INC.,

                             Defendant(s).
-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**

S I R S:

        The plaintiff, complaining of the defendant by her attorneys, LEVIDOW, LEVIDOW & OBERMAN, P.C., sets forth and alleges upon information and belief as follows:

1. That at all times hereinafter mentioned the plaintiff SLOBODANKA KOSTIC, was and still is a resident of the County of Queens, City and State of New York.

2. Upon information and belief and at all times hereinafter mentioned, the defendant WALMART, INC., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all times hereinafter mentioned, the defendant WALMART, INC., was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of New York.

4. Upon information and belief and at all times hereinafter mentioned, the defendant WALMART, INC., was and still is a foreign corporation organized and existing under and by virtue of the laws of the State other than the State of New York

5. That upon information and belief and at all times hereinafter mentioned, defendant WALMART, INC., by its agents, servants and/or employees owned all or part of premises located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

6. That upon information and belief and at all times hereinafter mentioned, defendant WALMART, INC., but its agents, servants and/or employees operated all or part of premises located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

7. That upon information and belief and at all times hereinafter mentioned, defendant WALMART, INC. by its agents, servants and/or employees maintained all or part of premises located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

8. That upon information and belief and at all times hereinafter mentioned, defendant WALMART, INC., but its agents, servants and/or employees managed all or part of premises located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

9. That upon information and belief and at all times hereinafter mentioned, defendant WALMART, INC. by its agents, servants and/or employees controlled all or part of premises 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

10. That at all times hereinafter mentioned defendant, WALMART, INC. by its agents, servants and/or employees had a duty to inspect, clean and maintain all or part of premises located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

11. That on the 30th day of November, 2020, plaintiff, SLOBODANKA KOSTIC, was lawfully present at the premises 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

12. That on the 30th day of November, 2020, plaintiff SLOBODANKA KOSTIC was caused to slip and fall due to a wet and slippery condition existing on the floor in the bathroom in WALMART, INC. store located at 500 Terry Rich Boulevard, in the County of Schuylkill, in the State of Pennsylvania.

13. Upon information and belief, on the 30th day of November, 2020, and for some time prior thereto, defendants by their agents, servants and/or employees caused and/or allowed the floor in the bathroom within said premises, to become and remain in a dangerous and unsafe condition, to wit, wet and slippery, the condition which caused plaintiff to slip and fall, causing injuries described hereinafter.

14. Upon information and belief, on the 30th day of November, 2020, for some time prior thereto, the defendants, by its agents, servants and/or employees caused and/or allowed the floor at the aforementioned premises, to become and remain in a dangerous and unsafe condition by failing to monitor the condition of said floor and leaving the same in a wet and slippery condition.

15. Upon information and belief, on the 30th day of November, 2020, and for some time prior thereto, the defendants, by its agents, servants and/or employees caused and/or allowed the floor at the aforementioned premises, to become and remain in a dangerous and unsafe condition without posting warning signs of any kind at said location.

16. Upon information and belief, on the 30th day of November, 2020, and for some time prior thereto, the defendants, by its agents, servants and/or employees caused and/or allowed the floor at the aforementioned premises, to become and remain in a dangerous and unsafe condition, thereby leaving the same in a wet and slippery condition and by failing to post warning signs of any kind at said location.

17. That it was the duty of the defendant to keep the subject premises free from dangerous conditions and safe for all these lawfully present thereat.

18. That the defendants breached the aforesaid duty by failing to properly operate, maintain, manage and control the subject premises, to wit by causing and leaving the floor at said premises in a wet and slippery condition, by not properly monitoring the condition of the floor in the area of plaintiff's fall, and by not posting warning signs of any kind for the benefit of the plaintiff and all those lawfully present thereat.

19. It is claimed that the defendants was negligent in the operation, maintenance, management and control of the aforesaid premises, it is further claimed that the defendant was negligent in creating the dangerous condition which caused their injuries; it is further claimed that the defendant was negligent in causing, allowing and permitting the aforesaid condition to exist and to remain for a long and unreasonable length of time and by placing at hazard lawful users of the said premises, and with the particular reference to the plaintiff herein; it is claimed that the defendants was further negligent in failing to warn of the hazard created and to take steps to properly ameliorate same.

20. That the aforesaid accident was caused by reason of the negligence of the defendants, without any negligence on the plaintiff contributing thereto.

21. That the aforementioned occurrence was caused solely as a result of the negligence of the defendant, by its agents, servants and/or employees without any negligence on the part of the plaintiff contributing thereto.

22. That solely as a result of the negligence of the defendant as stated herein plaintiff, SLOBODANKA KOSTIC, sustained serious, severe and permanent injuries and disabilities, pain and suffering and loss of enjoyment of life; was rendered sick, sore, lame

and disabled; sustained severe mental anguish, nervous shock and great physical pain; was compelled to obtain medical treatment for an undetermined amount of time.

23. That by reason of the premises aforesaid, this plaintiff was caused to sustain and did suffer grievous and painful injuries to her head, body and limbs and damage and injury to her nervous system and became sick, sore, lame and disabled, causing her to be incapacitated from the performance of her usual occupation or duties, thereby sustaining a loss of earnings, and plaintiff was caused to incur and spend sums for medical care and attendance and she may be forced to expend further sums for medical care and treatment and she may in the future be incapacitated from the performance of her usual occupation or duties and upon information and belief, some of her injuries are of a permanent nature, all to her damage in a sum which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff SLOBODANKA KOSTIC, demands judgment against the defendants in an amount which exceed the jurisdiction of all lower Courts that would otherwise have jurisdiction, together with costs and disbursements of this action.

Yours etc.,
LEVIDOW, LEVIDOW & OBERMAN, P.C.

By:_____
STEVEN SCHWARTZ, ESQ.
Attorneys for Plaintiff
299 Broadway Ste. 1800
New York, New York 10007
(212) 964-3290

STATE OF NEW YORK }
                   } ss.:
COUNTY OF NEW YORK }

**STEVEN SCHWARTZ**, affirms under the penalties of perjury the following:

That he is a member of the firm of **LEVIDOW, LEVIDOW & OBERMAN, P.C.**, attorneys for the plaintiff(s) herein.

That he has read and knows the contents of the foregoing Summons and Complaint, that the same is true of his own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

That the reason why this verification is made by your affirmant instead of by the plaintiff(s) is because the plaintiff(s) is not now within the County of New York, which is the County where your affirmant has his office.

Your affirmant further says that the grounds of his belief as to all matters in the said Complaint are statements of said plaintiff(s), papers and records in his possession, and a general investigation of the facts of this case.

Dated:    New York, New York
           June 16, 2021

                                                        STEVEN SCHWARTZ